**FILED**
**U.S. District Court**
**District of Kansas**
05/27/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

TRIA EVANS,

                                        Petitioner,

        v.                                                CASE NO. 26-3124-JWL

JEFF ZMUDA[1],

                                        Respondent.

## MEMORANDUM AND ORDER TO SHOW CAUSE

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and Kansas state prisoner Tria Evans, who is currently incarcerated at Topeka Correctional Facility in Topeka, Kansas. (Doc. 1.) The Court has conducted an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons explained below, the Court will direct Petitioner to show cause in writing why this matter should not be dismissed with prejudice because it was not timely filed. Also before the Court are Petitioner's motions for leave to proceed in forma pauperis (Docs. 2 and 5) and her motion for appointment of counsel (Doc. 3). For the reasons explained below, Petitioner will be granted provisional leave to proceed in forma pauperis, contingent upon her providing the required financial information as soon as she as able, and the motion for appointment of counsel will be denied without prejudice.

---

[1] Petitioner has named Jeff Zmuda as Respondent in this action, but the proper respondent in a federal habeas action by a state prisoner is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[I]n habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."). Thus, Dona Hook, the current warden of Topeka Correctional Facility, where Petitioner is confined, is hereby substituted as Respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Federal Rules of Civil Procedure 25(d) and 81(a)(4).

1

**Motions for Leave to Proceed In Forma Pauperis (Docs. 2 and 5)**

When Petitioner submitted her petition on May 12, 2026, she also submitted a motion for leave to proceed in forma pauperis. (Doc. 2.) Local Rule 9.1(g)(2)(A) states:

> Where a petitioner . . . is an inmate of a penal institution and desires to proceed without prepayment of fees, he or she must also submit a certificate executed by an authorized officer of the institution in which he or she is confined. The certificate must state the amount of money or securities on deposit to his or her credit in any account in the institution.

D. Kan. R. 9.1(g)(2)(A). Similarly, Rule 3(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that federal habeas petitioners who do not pay the applicable filing fee must submit "a motion for leave to proceed in forma pauperis, the affidavit required by 28 U.S.C. § 1915, and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution." Rule 3(a), 28 U.S.C. foll. § 2254.

To support her motion, Petitioner attached an inmate account statement showing the balance in her accounts as of September 26, 2023. (Doc. 2-1.) This information is not current enough to reflect her account balances as of May 2026. Accordingly, the Court issued a notice of deficiency that, in part, directed Petitioner to submit an executed certificate showing the amount of money or securities on deposit in her institutional accounts. (Doc. 4.) Petitioner then filed a second motion for leave to proceed in forma pauperis in which she explains that the Kansas Department of Corrections ("KDOC") is not currently processing certificates because of "Athena errors," but she was "granted poverty by the Kansas Supreme Court." (Doc. 5, p. 7.) The Court has noted in other cases that the KDOC has informed inmates that its central inmate banking is unable to print the account statements statutorily required to support motions for leave to proceed in forma pauperis in civil actions other than habeas cases. *See Reynolds v. Perez*, 2026 WL

1083328, *1 (D. Kan. April 22, 2026) (unpublished). Therefore, the Court will provisionally grant Petitioner leave to proceed in forma pauperis. She must, however, continue her attempts to obtain a certificate showing the current balances of her inmate accounts and she must submit the certificate as soon as she is able to do so, at which time the Court will reconsider the provisional nature of this ruling.

## Background

In March 2019, a jury in the District Court of Douglas County, Kansas convicted Petitioner of first-degree murder, conspiracy to commit murder, arson, and aggravated burglary. (Doc. 1, p. 1.) *See also State v. Evans*, 313 Kan. 972, 973, 981 (2021). The state district court sentenced her to "a hard 50 life term for the murder conviction, and concurrent terms of 117 months, 18 months, and 41 months, for the other counts respectively." 313 Kan. at 981. Petitioner appealed to the Kansas Supreme Court ("KSC"), which affirmed her convictions and sentences in an opinion filed on August 6, 2021. *Id.* at 993. Petitioner advises that she did not file a petition for certiorari in the United States Supreme Court. (Doc. 1, p. 3.)

On August 1, 2022, Petitioner attempted to seek state habeas relief by filing a motion under K.S.A. 60-1507, but she filed it in her criminal case instead of beginning a new civil action, so the district court took no action on the motion. (Doc. 1-2, p. 1.) In December 2023, Petitioner filed a motion to docket a K.S.A. 60-1507 motion out of time, recognizing her previous procedural error. *Id.* The motion apparently was granted, because on March 4, 2024, the state district court issued a memorandum decision denying K.S.A. 60-1507 relief. *See id.* at 1-4. Petitioner appealed the denial, but on August 30, 2024, the Kansas Court of Appeals ("KCOA") dismissed the appeal because the notice of appeal was not timely filed. *See* Publicly Available Records of *Evans v. State*, Case No. DG-2024-CV-000064, entry dated Sept. 3, 2024, available at casesearch.kscourts.gov.

Petitioner then filed a petition for review in the KSC, which the KSC denied on May 20, 2025. (Doc. 1-1, p. 2.) On May 12, 2026, Petitioner filed in this Court the pro se petition for federal writ of habeas corpus pursuant to 28 U.S.C. § 2254 that began this case. (Doc. 1.)

## Standard of Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C.A. foll. § 2254. Because Petitioner is proceeding pro se, the Court liberally construes her filings. *See Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of Petitioner's advocate and it will not construct arguments for her. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## Analysis

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could

4

have been discovered through the exercise of due diligence.

The one-year limitation period generally runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Nothing in the petition suggests that another subsection of the statute applies to control the date on which the one-year limitation period began. The United States Supreme Court has held that direct review concludes—making a judgment "final"—when an individual has exhausted his or her opportunity for direct appeal to the state courts and his or her opportunity to request review by the United States Supreme Court. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).

In this matter, the KSC decided Petitioner's direct appeal on August 6, 2021. The Rules of the Supreme Court of the United States allow petitioners ninety days from the date of entry of judgment in the highest state court to seek certiorari. Sup. Ct. R. 13(1). The Tenth Circuit has explained that "if a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after [his or her] direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires." *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003); *see also Harris v. Dinwiddie*, 642 F.3d 902, 906 (10th Cir. 2011) (finding that the "conviction became final . . . when the ninety-day time period for filing a certiorari petition with the United States Supreme Court expired").

The last day on which Petitioner could have filed a petition for writ of certiorari was November 4, 2021, but Petitioner did not file a petition for writ of certiorari. Thus, on November 5, 2021, the one-year AEDPA limitation period began to run. Under the "anniversary method" used in the Tenth Circuit, the final day for Petitioner to timely file her § 2254 petition in this Court was November 5, 2022. *See United States v. Hurst*, 322 F.3d 1256, 1261-62 (10th Cir. 2003). Because November 5, 2022 was a Saturday, Petitioner had until the end of Monday, November 7,

2022 to file a timely § 2254 petition in this Court. *See* Fed. R. Civ. P. 6(a)(1); *Stuart v. Utah*, 449 Fed. Appx. 736, 738 (10th Cir. 2011) (unpublished) (applying Rule 6). Petitioner did not file her § 2254 petition until May 12, 2026. (Doc. 1.)

The AEDPA statute of limitations also includes a tolling provision: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In this case, that means that the one-year AEDPA limitation period was tolled, or paused, when Petitioner filed her K.S.A. 60-1507 motion. The Tenth Circuit has explained that when this type of statutory tolling applies, the number of days that the relevant state-court matter is pending "is added to the one-year anniversary date to establish the final deadline for filing a § 2254 application in federal court." *Stuart v. Utah*, 449 Fed. Appx. 736, 738 (10th Cir. Nov. 30, 2011) (unpublished) (citing *Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011)).

The final order related to Petitioner's K.S.A. 60-1507 motion issued on May 20, 2025, when the KSC denied the petition for review in the related appeal. Assuming for the sake of argument[2] that Petitioner's K.S.A. 60-1507 motion was "pending" as of August 1, 2022, when Petitioner filed the motion in her criminal case, it was pending for approximately 1,023 days. When those days are added to the original one-year anniversary date of November 7, 2022, it gives the new filing deadline for this matter: August 26, 2025. But Petitioner did not file her federal habeas petition in this Court until May 12, 2026. Thus, it appears that this petition is untimely and must

---

[2] To be clear, the Court is not definitively ruling that Petitioner is entitled to statutory tolling for the entire period from August 1, 2022 through May 20, 2025. If this case proceeds beyond this initial inquiry into timeliness, Petitioner may be required to show cause why the statutory tolling should begin on August 1, 2022. For now, however, the Court conducts the analysis as though the statutory tolling began on August 1, 2022, as that is the earliest date statutory tolling could feasibly apply.

be dismissed as time-barred.

**Equitable Tolling**

The federal habeas one-year limitation period, however, is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). Equitable tolling is available only "when an inmate diligently pursues [her] claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond [her] control." *Marsh v. Soares*, 223 F.3d 127, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include, "for example, when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 232 F.3d at 808 (internal citations omitted).

The analysis set forth above already accounts for any equitable tolling that could occur due to Petitioner initially misfiling her K.S.A. 60-1507 motion in her state criminal case. Nothing in the petition now before the Court alleges circumstances that justify additional equitable tolling of the statute of limitations in this matter. Petitioner will be granted time, however, to show that extraordinary circumstances beyond her control prevented her from timely filing this federal habeas petition. To obtain equitable tolling, she must also show that she was diligently pursuing her claims during any time she seeks to equitably toll the federal habeas statute of limitations.

**Actual Innocence**

Additionally, an exception to the one-year time limitation exists where a petitioner adequately asserts her actual innocence. "[A]ctual innocence 'serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations.'" *Fontenot v. Crow*, 4 F.4th 982, 1030 (10th Cir. 2021) (quoting *McQuiggin v.*

*Perkins*, 569 U.S. 383, 386 (2013)). In order to pass through the actual innocence gateway, Petitioner must provide this Court with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). "An actual innocence claim must be based on more than the petitioner's speculations and conjectures." *Taylor v. Powell*, 7 F.4th 920, 927 (10th Cir. 2021).

To be clear, Petitioner is not required to conclusively exonerate herself in order to pass through the actual innocence gateway. But she must present the Court with new, reliable evidence—meaning reliable evidence that was not presented at her trial—and she must "demonstrate 'that more likely than not any reasonable juror would have reasonable doubt'" about her guilt in light of the new, reliable evidence. *See Fontenot*, 4 F.4th at 1030 (quoting *House v. Bell*, 547 U.S. 518, 538, 553 (2006)). "Actual innocence means 'factual innocence not mere legal insufficiency.'" *O'Bryant v. Oklahoma*, 568 Fed. Appx. 632, 637 (10th Cir. 2014) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Thus, arguments based on legal insufficiencies will not open the actual innocence gateway.

In other words, the actual innocence gateway will open—meaning that this Court may consider the merits of Petitioner's grounds for federal habeas relief—only if Petitioner presents to this Court reliable evidence that was not presented at her trial and which, when considered with all of the other relevant evidence, makes it more likely than not that no reasonable juror would have found her guilty beyond a reasonable doubt of the crimes of which she was convicted. This is a high bar, in recognition of the Tenth Circuit's explanation that

> tenable actual-innocence gateway pleas are rare, arising only in an extraordinary case. The gateway should open only when a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.

*Fontenot*, 4 F.4th at 1031 (citations and quotation marks omitted).

## Conclusion

In summary, the petition that began this case does not appear to have been timely filed. Therefore, the Court will direct Petitioner to show cause in writing why this matter should not be dismissed as time-barred. If Petitioner successfully does so, the Court will resume the Rule 4 review and issue further orders as necessary. If Petitioner fails to timely submit a response to this order or if her response does not show entitlement to additional statutory tolling, equitable tolling, or the actual innocence gateway, this matter will be dismissed with prejudice as untimely without further prior notice to her.

## Motion for Appointment of Counsel (Doc. 3)

The Court has considered Petitioner's motion for appointment of counsel. (Doc. 3.) As she concedes in the motion, Petitioner has no constitutional right to counsel in a federal habeas corpus action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Lomack v. Farris*, 2025 WL 397520, *1 (10th Cir. Feb. 4, 2025) (unpublished) (citing *Finley* and *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008), for the holding that "there is no constitutional right to counsel in habeas proceedings."). Rather, the decision whether to appoint counsel rests in the Court's discretion. *Swazo v. Wy. Dept. of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir 1994). This Court may appoint counsel in a federal habeas action if it "determines that the interests of justice so require." *See* 18 U.S.C. § 3006A(a)(2)(B).

The burden is on Petitioner to convince the Court that there is sufficient merit to her claims to warrant appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting [her] strongest possible

case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). In deciding whether to appoint counsel for Petitioner, the Court has considered "the merits of [her] claims, the nature and complexity of the factual and legal issues, and [Petitioner's] ability to investigate the facts and present [her] claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115.

At this preliminary stage of this case, the Court concludes that the interests of justice do not require the appointment of counsel. As explained above, this matter is subject to dismissal because it was untimely filed. Petitioner appears able to present claims and arguments and respond to this order, which does not involve the merits of her asserted grounds for relief. If this case proceeds beyond the Rule 4 screening and develops in a way that requires counsel, appointment of counsel may occur at a later date. For now, however, the motion for appointment of counsel will be denied without prejudice.

**IT IS THEREFORE ORDERED THAT** Dona Hook, Warden of Topeka Correctional Facility, where Petitioner is confined, is substituted as Respondent in this matter.

**IT IS FURTHER ORDERED THAT** the motions for leave to proceed in forma pauperis (**Docs. 2 and 5**) are **provisionally granted**. Petitioner must continue her efforts to obtain a certificate showing the current balance in her inmate accounts and must submit the certificate to the Court for filing in this case as soon as she is able to do so, at which time the Court will reconsider the provisional nature of this ruling.

**IT IS FURTHER ORDERED THAT** the motion for appointment of counsel (**Doc. 3**) is **denied without prejudice**.

**IT IS FURTHER ORDERED THAT** Petitioner is granted until and including **June 30, 2026**, in which to show cause, in a single written response to this order, why this matter should not

be dismissed as untimely filed.

**IT IS SO ORDERED.**

DATED:   This 27th day of May, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge