**FILED**
**U.S. District Court**
**District of Kansas**
07/07/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

TRIA EVANS,

        **Petitioner,**

   v.             **CASE NO. 26-3124-JWL**

DONA HOOK,

        **Respondent.**


**MEMORANDUM AND ORDER**

This matter is a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed on May 12, 2026 by Petitioner and Kansas state prisoner Tria Evans, who is currently incarcerated at Topeka Correctional Facility in Topeka, Kansas. (Doc. 1.) On   May 27, 2026, the Court issued a memorandum and order to show cause ("MOSC") explaining the Court's conclusion that the statute of limitations for filing the petition expired in August 2025. *Id.* at 6. The MOSC set forth the standards under which additional statutory or equitable tolling of the statute of limitations might be available and the circumstances under which a petitioner might avoid the statute of limitations by making a colorable claim of actual innocence. *Id.* at 6-9. Petitioner was granted until and including June 30, 2026 to show cause in writing why this case should not be dismissed as untimely filed. *Id.* at 9-11. The MOSC also expressly cautioned: "If Petitioner fails to timely submit a response to this order or if her response does not show entitlement to additional statutory tolling, equitable tolling, or the actual innocence gateway, this matter will be dismissed with prejudice as untimely without further prior notice to her." *Id.* at 9.

The deadline by which Petitioner was required to respond to the MOSC has passed and the Court has received nothing from Petitioner. Therefore, for the reasons set forth in the MOSC, this

1

matter will be dismissed with prejudice as untimely filed. *See Haney v. Addison*, 175 F.3d 1217, 1219-21 (10th Cir. 1999) (affirming dismissal with prejudice of untimely 2254 petition); *Navarette v. Horton*, 2023 WL 1773856, *1 (10th Cir. 2023) (unpublished) (same).

### Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. A COA may issue only if the petitioner made a substantial showing of the denial of a constitutional rights. 28 U.S.C. § 2253(c)(2).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that the procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED THAT** this matter is dismissed with prejudice as time-barred. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 7th day of July, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge

2